# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7651 | **DATE** | 1/14/2011 |
| **CASE TITLE** | State Farm Fire & Casualty Co vs. Electrolux Home Products, Inc. | | |

**DOCKET ENTRY TEXT**

The Court grants in part and denies in part State Farm's motion to strike [14]. The Court directs Electrolux to file an Amended Answer and Affirmative Defenses in accordance with this order by no later than 1/25/11. In addition, Electrolux must designate local counsel because its present counsel does not have an office within this district. *See* N.D. Ill. L.R. 83.15(a). Failing to designate local counsel could result in the non-resident counsel's documents being stricken from the docket. *See* N.D. Ill. L.R. 83.15(b).

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On December 1, 2010, Defendant Electrolux Home Products, Inc. ("Electrolux") removed this lawsuit brought by Plaintiff State Farm Fire and Casualty Company, as Subrogee of John and Omana Thomas ("State Farm"), from the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois based on the Court's diversity' jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441. Before the Court is State Farm's motion to strike Electrolux's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). For the following reasons, the Court, in its discretion, grants in part and denies in part State Farm's motion. The Court directs Electrolux to file an Amended Answer and Affirmative Defenses in accordance with this order by no later than January 25, 2011.

Also, pursuant to Northern District of Illinois Local Rule 83.15(a), Electrolux must designate local counsel because its present counsel does not have an office within this district. Failing to designate local counsel could result in the non-resident counsel's documents being stricken from the docket. *See* N.D. Ill. L.R. 83.15(b).

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARD

Pursuant to Rule 12(f), the Court can strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). "Affirmative defenses will be stricken 'only when they are insufficient on the face of the pleadings.'" *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (quoting *Heller Fin. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). "Motions to strike are 'not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" *Id.* Yet, "[i]t is appropriate for the court to strike affirmative defenses that add unnecessary clutter to a case." *Davis v. Elite Mortgage Servs.*, 592 F. Supp. 2d 1052, 1058 (N.D. Ill. 2009) (citing *Heller*, 883 F.2d at 1295). "It is also true that because affirmative defenses are subject to the pleading requirements of the Federal Rules of Civil Procedure, they must set forth a 'short and plain statement' of all the material elements of the defense asserted; bare legal conclusions are not sufficient." *Id.* (citing *Heller*, 883 F.2d at 1294; Fed. R. Civ. P. 8(a); *Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000)). District courts have considerable discretion under Rule 12(f). *See Delta,* 554 F.3d at 1141-42.

## ANALYSIS

Electrolux does not oppose State Farm's motion as to its Second, Fourth, Seventh, Eighth, Tenth, Eleventh, Twelfth, Thirteenth, Sixteenth, and Twenty-Third Affirmative Defenses. The Court thus turns to the remaining disputed affirmative defenses.

### I. Fourth Affirmative Defense

First, State Farm maintains that Electrolux failed to sufficiently allege its Fourth Affirmative Defense under the federal notice pleading standards. *See Heller*, 883 F.2d at 1294; Fed.R.Civ.P. 8(a). Rule 8(a)(2) provides that a complaint – in this case an affirmative defense – must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570).

Electrolux's Fourth Affirmative Defense states in its entirety: "Plaintiff or Plaintiff's insured assumed the risk." (R. 5, Fourth Affirm. Def.) Indeed, this affirmative defense does not sufficiently allege a claim that is plausible on its face because it gives no context concerning the assumption of the risk defense. *See Twombly,* 550 U.S. at 570. That being said, Electrolux gives the sufficient details necessary to state its defense under the federal notice pleading standards in its response brief to State Farm's motion. Thus, the Court grants State Farm's motion to strike without prejudice and directs Electrolux to include these details in its Amended Answer and Affirmative Defenses.

### II. Fourteenth and Eighteenth Affirmative Defenses

Next, State Farm moves to strike Electrolux's Fourteenth Affirmative Defense because it is not an affirmative defense in the first instance. More specifically, State Farm asserts that this affirmative defense is nothing more than a restatement of Electrolux's denial in its Answer to State Farm's causation allegations.

Indeed, "[t]he concept of an affirmative defense under Rule 8(c) 'requires a responding party to *admit* a complaint's allegations but then permits the responding party to assert that for some legal reason it is nonetheless excused from liability (or perhaps from full liability)." *Reis Robotics USA, Inc. v. Concept Indus,. Inc.,* 462 F.Supp.2d 897, 906 (N.D. Ill. 2006) (emphasis in original) (citation omitted). In its Fourteenth Affirmative Defense, Electrolux does not admit any such allegations, but instead denies causation: "Any product produced and/or sold by Answering Defendant did not cause or contribute to the cause of the alleged incident and/or any resulting damages at issue herein." (R. 5, Fourteenth Affirm. Def.) Accordingly, the Court grants State Farm's motion to strike with prejudice in this regard.

Similarly, in its Eighteenth Affirmative Defense, Electrolux states: "Any product produced and/or sold by Answering Defendant was properly designed, manufactured, tested, inspected, and were accompanied by all appropriate, necessary and required warnings and instructions." (R. 5, Eighteenth Affirm. Def.) Again, this affirmative defense is Electrolux's denial to State Farm's strict liability allegations. *See Reis Robotics USA, Inc.*, 462 F.Supp.2d at 906. The Court thereby grants State Farm's motion to strike Electrolux's Eighteenth Affirmative Defense without prejudice.

### III.     Ninth Affirmative Defense

Finally, State Farm moves to strike Electrolux's Ninth Affirmative Defense as redundant. *See Delta,* 554 F.3d at 1141 ("Rule 12(f) provides that a district court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'") (quoting Fed.R.Civ.P. 12(f)). Electrolux's Ninth Affirmative Defense states in its entirety:

> Answering Defendant denies that it was liable in any manner whatsoever. Should it be determined to the contrary, then the liability of Plaintiff or others, was comparatively greater than that of Answering Defendant, causing Plaintiff's claims to be barred or reduced pursuant to the Illinois Comparative Negligence Act.

(R. 5, Ninth Affirm. Def.)

State Farm argues that this affirmative defense is redundant of Electrolux's Third Affirmative Defense regarding contributory negligence. The Court disagrees. Electrolux's Ninth Affirmative Defense states the defense of comparative negligence in the context of State Farm's strict liability allegations. *See Coney v. J.L.G. Indus., Inc.,* 97 Ill.2d 104, 119, 73 Ill.Dec. 337, 454 N.E.2d 197 (1983). As such, the Court denies State Farm's motion to strike in this regard.